Ruetin, Chief-Justice.'
 

 I cannot think such a return as this evidence for the Sheriff. It is in his own discharge entirely; and is like one, that ho had paid the plaintiff the money — which surely would not be proof of the fact. If it be good that far, it is making it so altogether,* because it alleges a matter not susceptible of contradiction. The payment might have been in private; and so may the order for indulgence. It is but a slight inconvenience to the Sheriff, to call witnesses, or to take a permanent evidence in writing of tiic-fact;
 
 but
 
 if his own return Will do, it is opening the door to great abuses. It may be said that payment to the party is not an answer to the writ, but only an excuse for not making one. So is this; it is a reason why he did not execute the process, and not shewing how he has done it. In other cases, where his return has been held evidence, tiie question was either between third persons, between whom he stood indifferent, or when lie charged himself. If he returns satisfaction, he concludes all persons, because lie makes the debt his own. A return of a levy is evidence for him in an action of trover for the property seized, upon this ground. If he return a rescue, it is the same thing, because that does not excuse him, unless it be by the public enemies, which must bo a matter notorious, and then easily susceptible of proof by witnesses; and as to process upon it, the court only gives to such a return sufficient credence to grant the attachment, but not to convict or punish under it.
 
 Nulla bona
 
 is a negative return, and in its nature throws the proof on the other side, who must prove goods of the debtor, before he can subject the Sheriff no matter what the return was. In
 
 Gyfford
 
 v.
 
 Woodgate, 11 East.
 
 297, the action was between the parties to the execution, between whom the Sheriff was indifferent. It does not follow, because his return was read in that suit, and indeed was part of the plaintiff’s case, that it would have been received if the action had been against the Sheriff himself, for roa-
 
 *300
 
 king a second scisurc before be liad sold the property first seised. In
 
 Bradley
 
 v.
 
 Wyndham,
 
 1
 
 Wils. Rep.
 
 44, the counsel for the Sheriff did not rely upon a return of ' the Sheriff, but proved the fact that the fraudulent in-
 
 *
 
 struclions were given by the plaintiff’s attorney. And so in
 
 Smallcomb
 
 v.
 
 Buckingham,
 
 1
 
 Ld. Raym.
 
 251, the Sheriff did not return, that the plaintiff did not apply for a warrant on his
 
 ft-fa.
 
 but showed the truth by other evidence and that the plaintiff in the other /a. proceeded to execute his writ. I admit that between the plaintiffs in the two writs, the return is evidence ; because if true, it ought to postpone the dilatory creditor ; and if tbc Sheriff cannot make it appear to be true, he is justly liable to the creditor, whose preferable right of satisfaction that return has postponed The truth is, that if the sheriff had returned
 
 nulla bona,
 
 as he may properly do, when the creditor postpones the sale and another then J . proceeds to sell, (which is the regular mode of making the return,) then the facts must have been proved by witnesses in justification of the Sheriff. Thequestion is, whether after .charging himself by the levy and entering it on his writ, he can discharge himself, not by entering
 
 nulla bona
 
 generally, which opens the whole ease to evidence on both sides, but by a special return of a private
 
 thing
 
 between him and the plaintiff, to which the other can probably have no opposing evidence. I think not. The Sheriffought to be held to a strict return according to the writ; or if he be permitted to excuse himself for not obeying its precept, he ought to he prepared to prove the excuse by other evidence than his own testimony. He now makes an affirmative return, which cannot well be negatived. No precedent in point is found ; and I think there ought to be a new trial.
 

 maid bona
 
 is ProP,er T*íurn for a shewn, where one credit- or PostPones the then proceeds to the property™81*
 

 Per Curiam. — Judgment reversed, and a new TRIAD GRANTED.